UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI,<br><br>          Plaintiff,<br><br>     v.<br><br>MARK CONSTANCE, et al.,<br><br>          Defendants. | No.  2:13-cv-1335 MCE CKD PS<br><br><br>ORDER |

     Plaintiff is proceeding in this action pro se.  Motions to dismiss have been filed by defendant Raley's Pharmacy and the United States of America.  Due to plaintiff's incarceration, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  See L.R. 230(l).  Opposition to all other motions need be filed only as directed by the court.

     Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a request that the court dismiss unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss.  To oppose

1 the motion, plaintiff may likewise file declarations under penalty of perjury and admissible
2 documents.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the
3 complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
4 plaintiff specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on
5 one or more affidavits or declarations sworn to by other persons who have personal knowledge of
6 relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that
7 the records are what plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence
8 with admissible evidence, the court may rely on defendant's evidence.  In the event both sides
9 submit matters outside of the pleadings, the court may look beyond the pleadings and decide
10 disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may
11 consider the failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court
12 grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will
13 be dismissed without prejudice.

14       Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele
15 v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following
16 requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such
17 a motion is a request for an order for judgment in favor of the defendant without trial.  A
18 defendant's motion for summary judgment will set forth the facts that the defendant contends are
19 not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion
20 for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in
21 one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under
22 penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge
23 of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.
24 Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
25 plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
26 have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff
27 must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part
28 of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in

1  this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or
2  other admissible evidence, the court may accept defendant's evidence as true and grant the
3  motion.  If there is some good reason why such facts are not available to plaintiff when required
4  to oppose a motion for summary judgment, the court will consider a request to postpone
5  consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and
6  file a written opposition to the motion, or a request to postpone consideration of the motion, the
7  court may consider the failure to act as a waiver of opposition to the defendant's motion.  See
8  L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or
9  unopposed, judgment will be entered for the defendant without a trial and the case will be closed
10  as to that defendant.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff shall file opposition to the pending motions to dismiss no later than August 2, 2013.  Failure to file opposition shall be deemed a waiver of opposition and shall result in a recommendation that the moving defendants be dismissed.

   2. Reply, if any, shall be filed no later than August 9, 2013.

   3. The matter shall thereafter stand submitted.

Dated:  July 16, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 ranteesi1335.sub

3