UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON RANTEESI, | No. 2:13-cv-1335 MCE CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARK CONSTANCE, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, filed this action in state court on March 7, 2013. The action was removed to this court on July 5, 2013 by defendant United States of America. Plaintiff alleges wrongful death, negligence and other tort claims arising out of his use of the drug Paxil. Plaintiff asserts that due to the side effects of the drug, he killed his wife on August 6, 2002. Plaintiff was convicted of murder and sentenced on August 6, 2006.[1]

Defendant United States of America and defendant Raley's move to dismiss for failure to state a claim. Plaintiff has filed opposition. Due to plaintiff's incarceration, the matter was submitted on the papers.

/////

---

[1] The court takes judicial notice of the habeas action plaintiff filed in federal court, Simon v. Ranteesi, 2:10-cv-439 GEB TJB P (E.D. Cal.). In the findings and recommendations on plaintiff's habeas petition, the court noted that petitioner bludgeoned his wife to death and that petitioner raised his use of Paxil as a defense to the murder charge. ECF No. 96.

1

1    In considering a motion to dismiss for failure to state a claim upon which relief can be
2  granted, the court must accept as true the allegations of the complaint in question, Erickson v.
3  Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the
4  plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to avoid dismissal for failure
5  to state a claim a complaint must contain more than "naked assertions," " labels and conclusions"
6  or " a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,
7  550 U.S. 544, 555-557 (2007).  In other words, " [t]hreadbare recitals of the elements of a cause
8  of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct.
9  1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial
10 plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads
11 factual content that allows the court to draw the reasonable inference that the defendant is liable
12 for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

13   Both of the moving defendants contend this action is barred by the statute of limitations.[2]
14 With respect to the claims against defendant Raley's, the applicable statute of limitations is two
15 years.  Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).
16 Plaintiff's cause of action accrued, at the latest, at the time he presented his Paxil defense during
17 his criminal trial in August, 2006.  California's tolling provision provides in pertinent part that
18 "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned
19 on a criminal charge, or in execution under the sentence of a criminal court for a term less than
20 for life, the time of that disability is not a part of the time limited for the commencement of the
21 action, not to exceed two years."  Cal. Code Civ. Proc. § 352.1(a).  Even with the benefit of the
22 tolling provision, however, plaintiff's claims here are stale in that the statute of limitations
23 expired almost five years prior to plaintiff's filing of the instant action.  To the extent plaintiff
24 asserts he was mentally incompetent due to the administration of psychotropic medications during

---

[2] Defendant United States of America also contends this court lacks jurisdiction over the claims against the United States because plaintiff failed to file an administrative claim in compliance with 28 U.S.C. § 2675.  This contention is well taken.  It is undisputed that plaintiff failed to timely present any claim to the federal agency sued herein.  See 28 U.S.C. § 2401(b) (any claim must be presented to the agency within two years after the claim accrues).

1  his incarceration, plaintiff's pleadings demonstrate that he was discharged from mental health
2  services on December 13, 2007. ECF No. 17 at p. 6 (certification of physician that plaintiff had
3  been free of psychotropic medications for six months prior to December 13, 2007). Since this
4  action was not filed until March 7, 2013, plaintiff's claims are barred by the statute of
5  limitations.[3]

6        With respect to defendant United States of America, the applicable statute of limitations is
7  six years under 28 U.S.C. § 2401. Plaintiff's claims accrued, at the latest, in August 2006. This
8  action was not filed until well after the statute of limitations expired.[4] Any claim of mental
9  incapacity does not toll the statute. See Casias v. United States, 532 F.2d 1339 (10th Cir. 1976).
10 Plaintiff's claims against defendant United States are therefore time barred.

11       Also named as defendants in this action are defendants Dr. Constance, Vacaville Urgent
12 Care, Solano Urgent Care, and Glaxo Smith Kline. These defendants have not appeared in this
13 action and do not appear to have been served with summons. The court finds dismissal of the
14 claims against these defendants is warranted. "A District Court may properly on its own motion
15 dismiss an action as to defendants who have not moved to dismiss where such defendants are in a
16 position similar to that of moving defendants or where claims against such defendants are
17 integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a
18 dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v.
19 Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard
20 includes sua sponte dismissal as to defendants who have not been served and defendants who
21 have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44
22 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party
23 which had not yet appeared, on the basis of facts presented by other defendants which had

---

[3] Plaintiff's complaint also makes a vague reference to property damage. Such claims are governed by the three year statute of limitations under California Code of Civil Procedure § 338. As with plaintiff's other claims, there are no tolling provisions which can save plaintiff's stale claims.

[4] As discussed above, plaintiff's claims are also time barred on the basis of failing to timely present a claim to the agency.

3

appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). The discussion above relating to dismissal of plaintiff's claims against defendant Raley's is equally applicable to the non-moving defendants and these defendants should therefore be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 7, 8) be granted;

2. All defendants be dismissed; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 ranteesi1335.57

4